JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP 13 1990

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 853

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE MAHURKAR DOUBLE LUMEN HEMODIALYSIS CATHETER PATENT LITIGATION

TRANSFER ORDER*

This litigation presently consists of three actions pending in two federal districts: two actions in the Northern District of Illinois and one action in the District of Utah.[1/] Before the Panel is a motion by Dr. Sakharam D. Mahurkar (Mahurkar), a defendant in the Illinois and Utah actions, to centralize the actions in the Northern District of Illinois, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings. Plaintiff in one Illinois action does not oppose the motion. Plaintiffs in the other Illinois action and the Utah action oppose the Section 1407 motion.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Northern District of Illinois will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions involving the validity and enforceability of three patents relating to double lumen catheters which are involved in all three actions. Centralization is thus desirable in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary. Although other patents unique to one action are involved, we are persuaded that common questions of fact predominate over questions of fact unique to each action. We point out that the transferee judge can fashion the pretrial proceedings to take into account any unique inquiries.

With regard to the selection of the Northern District of Illinois as transferee forum, we note that the first-filed action in this litigation is pending there, that discovery is under way there and that Judge Frank H. Easterbrook has gained familiarity with this docket by ruling on motions for partial summary judgment involving a common patent.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending outside the Northern District of Illinois be, and the same hereby is, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Frank H. Easterbrook, sitting by designation under 28 U.S.C. §291(b), for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

---

\* Judge Louis H. Pollak took no part in the decision of this matter.

[1/] A fourth action pending in the Eastern District of Pennsylvania was closed on September 10, 1990, by a consent judgment order of the court.

SCHEDULE A

<u>MDL-853 -- In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation</u>

<u>District of Utah</u>

<u>Kendall Med-West v. Quinton Instruments Co., et al.,</u> C.A. No. 90-C-152S

<u>Northern District of Illinois</u>

<u>Vas-Cath, Inc., et al. v. Sakharam D. Mahurkar, et al.,</u> C.A. No. 88-C-4997
<u>IMPRA, Inc. v. Quinton Instrument Co., et al.,</u> C.A. No. 90-CV-3835